IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:17CR83–HEH |
| | ) |
| VICTOR M. DANDRIDGE, III, | ) |
| | ) |
| Petitioner. | ) |

### MEMORANDUM OPINION
(Granting in Part and Denying in Part 28 U.S.C. § 2255 Motion)

Victor M. Dandridge, III ("Petitioner"), a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserts that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | "Counsel told me that I could not file an appeal in a meeting shortly after I had been remanded." (ECF No. 34 at 14.)[1] |
| Claim 2 | "Counsel did not question the statute under which the only victim testifying at my sentencing" was not required to be "sworn in." (*Id.*) |
| Claim 3 | "Counsel failed to object to knowingly false testimony made by the aforementioned victim at my sentencing." (*Id.*) |
| Claim 4 | "Counsel did not adhere to my repeated request for a binding Plea Agreement." (*Id.*) |
| Claim 5 | "Counsel did not adhere to my request for a complete and detailed account for arriving at the restitution amount for my primary victim. Additionally, counsel told me to sign the Restitution Agreement presented to him moments before the Court began at my sentencing hearing without reviewing it and explaining it to me." (*Id.*) |

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to all citations in the record. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

## I. Pertinent Procedural History

Petitioner pled guilty to a three-count Criminal Information charging him with two counts of wire fraud, and one count of bank fraud. (ECF No. 11 at 1.) As part of his Plea Agreement, Petitioner waived the right to appeal. (*Id.* at 4.) On November 9, 2017, the Court sentenced Petitioner to 84 months of imprisonment. (ECF No. 26.) At the conclusion of the sentencing hearing, the Court remanded Petitioner into the custody of the Marshal. (ECF No. 33 at 48–49.)

## II. Pertinent Evidence Relevant to Claim 1

Petitioner swears that he "had relied on the fact that he could self-surrender to the Bureau of Prisons as it had been discussed on several occasions." (ECF No. 74 at 4.)

> Based on these assurances, Defendant was shocked and panicked to being immediately remanded. It was in this context that Defendant broached an appeal – strictly along these lines – and prior to requesting an appeal, Defendant and counsel discussed an appeal with respect to being able to self-surrender (as Defendant is unfamiliar with law and lacks formal education as a lawyer, he was unaware if being remanded was an issue that could be appealed). At this point, I asked if we could appeal the fact that I was not allowed to self-surrender and counsel replied, "No." I said, "I want to appeal my sentence . . . can we appeal anything . . . I want to appeal." Counsel replied, "There is nothing to appeal, nothing we can do."
> 
> While this dialogue included Defendant's desire to self-surrender – again which was the sole issue to appeal – and the discussion that took place with Counsel up until this point only concerning the ability to self-surrender, this is likely the issue that counsel responded to. . . . This was the only time an appeal was discussed as I would have no reason to doubt my counsel's answers. . . .
> 
> . . . .
> 
> Defendant had perfect clarity at these junctures on that day. . . . I had expected to self-surrender. I was in a state of shock and unbelief. My recollection of these conversations and the situations in which they occurred are perfectly clear. It was my contention and desire to appeal the ability to self-surrender . . . .

2

(ECF No. 74 at 4–6.)

In response, Petitioner's trial counsel, Francis McQuaid Lawrence, swears, in pertinent part that:

> I did not and would not have told Mr. Dandridge that he could not file an appeal. I am and always have been keenly aware that the decision of whether to appeal or not rests with the client, not the lawyer. I could have, and likely told him, that no such appeal would have had any possibility of success and that the attempt to appeal could have been viewed as a failure to accept responsibility for his actions, which could have resulted in potentially more incarceration.

(ECF No. 69-1 at 1.)

### III. Analysis

The standard set forth by the Supreme Court of the United States in *Strickland v. Washington* governs claims of ineffective assistance of counsel. 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that the Sixth Amendment[2] guaranteed a criminal defendant's right to reasonably effective assistance of counsel. *Id.* at 687. To prove a constitutional claim for ineffective assistance of counsel, the petitioner must first show that his or her counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must demonstrate actual prejudice from the deficiency. *Id.* at 694.

In conjunction with *Strickland*, the decision of the Supreme Court in *Roe v. Flores-Ortega* governs ineffective assistance of counsel claims for failure to file a notice of appeal. *See* 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court held that:

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. This determination must take into account "all the information counsel knew or should have known." *Id.*

If a consultation about appeal has occurred, counsel performs deficiently "only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Moreover, "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement [because the defendant has waived his right to appeal] and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

If the attorney received no express instruction to file a notice of appeal, and no consultation has occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Flores-Ortega*, 528 U.S. at 478. The prejudice prong of *Strickland* requires "that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled

4

to relief." *Id.* at 484. "Thus, to prevail on an ineffective assistance claim for failing to note an appeal, a defendant need not 'demonstrate that his hypothetical appeal might have had merit,' but rather only that 'but for counsel's deficient conduct, he would have appealed.'" *Jiminez v. Vaughan*, No. 3:07cv639, 2008 WL 2329767, at *3 (E.D. Va. June 5, 2008) (quoting *Flores-Ortega*, 528 U.S. at 486).

From the evidence before the Court, there appears to be a dispute of fact as to whether Petitioner unequivocally directed counsel to file an appeal. Nevertheless, the undisputed evidence reflects that Petitioner "reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Thus, counsel was obliged to consult with Petitioner about filing an appeal. *Id.* "Consult," as defined by the Supreme Court, means to advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes." *Id.* at 478. According to Petitioner, this never occurred.[3] Moreover, the current record supports the conclusion that had counsel consulted with him about an appeal, Petitioner would have pursued an appeal. Accordingly, the Court will grant Petitioner's 28 U.S.C. § 2255 Motion with respect to Claim 1. The Court will deny the 28 U.S.C. § 2255 Motion with respect to Petitioner's remaining claims and dismiss those claims without prejudice. *See United States v. Killian*, 22 F. App'x 300, 301 (4th Cir. 2001) (concluding that "[t]he district court should have dismissed the remaining claims without prejudice to [the petitioner's] right to file another habeas motion, if necessary, after a direct appeal).

---

[3] Counsel has no recollection of whether Petitioner expressed a desire to appeal or whether he consulted with Petitioner about an appeal after Petitioner was sentenced.

5

The proper remedy for Claim 1 is to vacate Petitioner's "judgment of conviction and enter a new judgment from which an appeal can be taken." *Peak*, 992 F.2d at 42 (citation omitted). The Clerk will be directed to appoint the Federal Public Defender to represent Petitioner with respect to whether Petitioner wishes to pursue a direct appeal. *See Killian*, 22 F. App'x at 301.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court within fourteen (14) calendar days after the date the new Judgment of conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A). Counsel for Petitioner is directed to promptly provide this Memorandum Opinion and Order to Petitioner and ascertain whether Petitioner wishes to pursue an appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 22, 2021
Richmond, Virginia