IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 3:17-cr-83 |
| VICTOR M. DANDRIDGE, III, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S (1) MOTION
FOR CLARIFICATION AND (2) MOTION TO COMPEL THE UNITED
STATES TO GIVE PROPER CREDIT TO DEFENDANT'S RESTITUTION TOTALS**

Comes now the United States of America, by counsel, and hereby submits this response to the defendant's "Motion for Clarification" (Document 56) and "Motion to Compel United States to Give Proper Credit to Defendant's Restitution Totals" (Document 79).[1] As the defendant states in each motion, the victims who are owed restitution in this case have, in fact, received partial compensation for their losses through certain bankruptcy proceedings connected to the defendant. The thrust of both motions is that the defendant's restitution balance should be reduced by the amounts disbursed to the victims through the bankruptcy proceedings. As explained below, the government agrees.

BACKGROUND

On July 5, 2017, the government filed a three-count criminal information charging the defendant with two counts of wire fraud and one count of bank fraud (Document 1). On July 19, 2017, the defendant agreed to waive indictment and pled guilty to each count of the information (Documents 10 & 11). Sentencing was held on November 9, 2017, at which time the defendant

---

[1] As an aside, the United States is not the entity that tracks restitution balances and gives credits for payments made towards that obligation, rather this is the province of the Clerk's Office.

was sentenced to a term of eighty-four months imprisonment (see Document 26).  The Court entered a restitution order on November 13, 2017, ordering restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, et seq. (the "MVRA"), in the following amounts: $3,191,793.71 to L.K.; $287,276.47 to Blue Ridge Bank, and $118,527.19 to Virginia Omicron Chapter House Association (see Document 28).  The defendant's total restitution obligation was $3,597,597.37, and the present restitution balance is $3,597,572.37.

In March 2017, the defendant filed a voluntary bankruptcy petition in his individual capacity with the U.S. Bankruptcy Court for the Western District of Virginia.  See In re: Victor Maceo Dandridge, III, No. 17-60578 (Bankr. W.D. Va.).  On October 20, 2021, the bankruptcy trustee in that proceeding filed the Amended Trustee's Final Report.  The report, which is attached as Exhibit 1, reflects that each victim in this criminal case made claims against the defendant in the bankruptcy proceeding and received disbursements from the defendant's bankruptcy estate in the following amounts: L.K. received $817,307.30; Blue Ridge Bank received $1,000.00; and Virginia Omicron Chapter House Association received $16,209.93.  Ex. 1, pp. 25–26.  In submitting the Amended Trustee's Final Report to the bankruptcy court, the bankruptcy trustee certified under penalty of perjury that the information contained therein was true and correct.  Id. at 2.

In August 2017, an involuntary bankruptcy petition was filed in the same court against the corporate entity Runnymede Capital Management, Inc.  See In re: Runnymede Capital Management, Inc., No. 17-61506 (Bankr. W.D. Va.).  The presentence report filed in this case reflects that Runnymede Capital Management, Inc. is a company of the defendant's that he used in furtherance of the fraud scheme for which he prosecuted (Document 20 ¶ 14).  On July 14, 2020, the bankruptcy trustee in the Runnymede Capital bankruptcy proceeding filed the Final

2

Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to Be Discharged, which is attached as Exhibit 2. The report reflects that $234,757.57 was disbursed to L.K. through the bankruptcy proceeding. See Ex. 2, p. 6. And, once again, the bankruptcy trustee certified under penalty of perjury as to the veracity of the report. Id. at 2.

In December 2021, the government became aware of the disbursements made to the victims through the bankruptcy proceedings and determined that these disbursements constitute compensatory damages for the same losses for which restitution was ordered in this case. On December 6, 2021, the government sent a letter to the Clerk's Office requesting that it give this defendant a reduction in his restitution balance corresponding to the aforementioned bankruptcy disbursements. The Clerk's Office indicated that it could not give the reduction without further guidance from the Court since doing so would be a judgment call.

DISCUSSION

As indicated above, restitution in this case is governed by the MVRA, which "at its core, . . . requires 'offenders to restore property lost by their victims as a result of the crime.'" United States v. Ritchie, 858 F.3d 201, 214 (4th Cir. 2017) (quoting Robers v. United States, 572 U.S. 639, 640 (2014)). Once a court enters an order of restitution under the MVRA, the procedures for enforcing that order are set forth in 18 U.S.C. § 3664. See 18 U.S.C. § 3663A(d) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664."). The Fourth Circuit has explained that § 3664 "makes clear that the defendant is expected from the outset to repay all of the actual losses that he caused, but no more." Ritchie, 858 F.3d at 215. And, in fact, the statute provides certain safeguards to "ensur[e] the defendant is not unfairly punished for his crime by having to pay back more money than he stole," and "to prevent a

3

victim from obtaining a windfall." Id.

The relevant statutory provision for the instant purposes is § 3664(j). That subsection commands that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding." 18 U.S.C. § 3664(j)(2)(A). In other words, a defendant is "entitled to an offset for any amount that the victim recovered as compensatory damages for the same loss in federal . . . civil proceedings." Ritchie, 858 F.3d at 215–16; see also United States v. Bryson, No. 3:13-cr-00041, 2015 WL 4619637, at *5 (D. Conn. July 31, 2015) ("[T]he court agrees with the defendants and the government that the restitution orders shall be reduced by any amount later recovered by any of the victims for the same loss in a civil proceeding, including additional amounts recovered by the victims in the bankruptcy proceeding.").

The government maintains that the disbursements the victims received from the bankruptcy proceedings constitute compensatory damages for the same losses covered by the restitution order in this case. This is evidenced by the proofs of claim filed by the victims in the bankruptcy proceedings. Starting with L.K., the proofs of claim she submitted in both the defendant's personal bankruptcy proceeding and the Runnymede Capital bankruptcy proceeding clearly indicate that the basis for L.K.'s claims in those proceedings involve the defendant's theft of approximately $3.1 million from L.K., which formed the predicate for the defendant's wire fraud conviction under count 1 of the criminal information. Compare L.K.'s Proofs of Claim, attached as Exhibits 3 and 4, with Document 12. In addition, the stated basis for the claim filed by Blue Ridge Bank in the defendant's personal bankruptcy proceeding is "money loaned," and that loan, along with the defendant's material misrepresentations and omissions in connection with the loan, is the subject of the defendant's conviction for bank fraud under count 2 of the

4

criminal information.  Compare Blue Ridge Bank's Proof of Claim, attached as Exhibit 5, with Document 12.  Finally, Virginia Omicron Chapter House Association's proof of claim recounts the defendant's fraudulent conduct for which he was convicted under count 3 of the criminal information and even expressly states that "the Debtor faces federal, criminal charges stemming from this fraud."  Compare Virginia Omicron Chapter House Association's Proof of Claim, attached as Exhibit 6, with Document 12.  In light of the above, the bankruptcy distributions constitute compensatory damages for the same losses covered by the restitution order in this case.  As such, § 3664(j)(2)(A) requires a corresponding reduction in the defendant's restitution obligation.

According to the reports of the bankruptcy trustee that are attached as Exhibits 1 and 2—and which were certified as true and correct by the bankruptcy trustee under penalty of perjury—L.K. obtained a total of $1,052,064.87 in disbursements from the bankruptcy proceedings; Blue Ridge Bank received $1,000.00; and Virginia Omicron Chapter House Association received $16,209.93.  See Ex. 1 & 2.  The defendant's restitution obligation should thus be reduced by these amounts to ensure that the defendant is not unfairly punished and to prevent the victims from potentially obtaining a windfall.  Ritchie, 858 F.3d at 215.  The government adds that it has contacted and spoken with each of the three victims discussed about this response brief.

## CONCLUSION

The government agrees with the defendant's requested relief and asks the Court to enter an order instructing the Clerk's Office to reduce the defendant's restitution obligation by the amount of $1,069,274.80—the total amount the victims received in disbursements through the defendant's bankruptcy proceedings.  That $1,069,274.80 reduction should be broken down among the three victims as described in the paragraph just above.

        Respectfully submitted,

        JESSICA D. ABER
        UNITED STATES ATTORNEY

By:  /s/ William J. Homer
     William J. Homer
     Assistant United States Attorney
     Attorney for the United States
     721 Lakefront Commons, Suite 300
     Newport News, VA 23606
     Office Number: (757) 591-4000
     Facsimile Number: (757) 591-0866
     Email Address: william.homer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 17th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record. I have also sent a true copy of the foregoing via first class mail to:

Victor M. Dandridge, III
249 Bayberry Lane
Zion Crossroads, VA 22942

By: /s/ William J. Homer
William J. Homer
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: william.homer@usdoj.gov

7